UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY BURGO,   Case No. 2:19-cv-11627

    Plaintiff,   Hon.

v.

AIRPORT TERMINAL SERVICES, INC.,

    Defendant

---

Angela Walker (P67625)
Frances J. Hollander (P82180)
Blanchard & Walker, PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
walker@bwlawonline.com
hollander@bwlawonline.com

---

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

### ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Brittany Burgo ("Plaintiff" or "Ms. Burgo"), by and through her attorneys, Blanchard & Walker, PLLC, files this Complaint against Defendant Airport Terminal Services, Inc. ("Defendant" or "ATS"). As more specifically set forth below, Defendant failed to provide a private space in which Ms. Burgo could

1

express breast milk and subjected her to surveillance and videotaping while her breasts were exposed. Plaintiff seeks all available relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.* ("ELCRA"), the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and state common law.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Brittany Burgo ("Plaintiff" or "Ms. Burgo") is an adult resident of Wayne, Michigan in the County of Wayne.

2. Defendant Airport Terminal Services, Inc. ("Defendant" or "ATS") is a Missouri corporation that conducts business in Romulus, Michigan, which is located in the County of Wayne.

3. This Court has federal question jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant transacts business and operates in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

5. On March 11, 2019, Plaintiff received a Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission ("EEOC").

## GENERAL ALLEGATIONS

6. Plaintiff asserts and re-alleges the allegations set forth above.

7. On January 6, 2015, Ms. Burgo began working as a Passenger Service Agent for ATS at the Detroit Metropolitan Airport located in Romulus, Michigan.

8. In October 2016, Ms. Burgo gave birth to her daughter and took maternity leave.

9. In December 2016, Ms. Burgo returned to work at ATS.

10. When Ms. Burgo returned to work, she spoke to a member of Defendant's Human Resources Department, and requested access to a private room to express breast milk.

11. Human Resources did not follow up with Ms. Burgo or provide her with a private, secure location to express breast milk for her daughter.

12. Due to the lack of response from Human Resources, Ms. Burgo sought help from a member of management at ATS.

13. Ms. Burgo was granted access to the ramp supervisors' office to express breast milk.

14. For almost eight months, Ms. Burgo used the ramp supervisors' office twice every shift to express breast milk.

15. Multiple members of Defendant's management were aware that Ms. Burgo used the ramp supervisors' office to express breast milk.

16. Ms. Burgo's breasts were fully exposed when she expressed breast milk.

17. On August 13, 2017, approximately eight months after Ms. Burgo began using the ramp supervisors' office to express breast milk, Ms. Burgo discovered a video camera in the ramp supervisors' office.

18. Ms. Burgo was never told that there was a video camera in the ramp supervisors' office.

19. Ms. Burgo observed a working light on the camera.

20. On information and belief, Defendant's conduct resulted in the surveillance and videotaping of Ms. Burgo while her breasts were exposed.

21. On information and belief, ATS managers had the ability to access all ATS cameras remotely and had access to watch Ms. Burgo on video while her breasts were exposed.

22. Ms. Burgo immediately complained to ATS management about the camera.

23. The ATS management team agreed that they would escalate Ms. Burgo's complaint to Human Resources.

24. Defendant was aware that Ms. Burgo had an ongoing need for a private, secure place to express breast milk.

25. Despite Defendant's awareness of Ms. Burgo's need, Defendant failed to provide Ms. Burgo with a private, secure place to express breast milk.

26. After she stopped using the room with the camera to express breast milk, the only place that Ms. Burgo could access where she could express breast milk was a training room that was intermittently vacant throughout the day.

27. The ATS training room was not private and secure and did not lock. Because the training room did not lock, ATS employees could have entered the training room while Ms. Burgo's breasts were exposed.

28. Ms. Burgo attempted to express breast milk in the ATS training room for a few days. However, while doing so she experienced significant anxiety and feelings of panic due to the lack of privacy in the room.

29. Because Defendant failed to provide Ms. Burgo a secure, private place to express breast milk, Ms. Burgo was unable to continue breast pumping at work and stopped lactating.

30. Defendant did not offer a new place for Ms. Burgo to express breast milk until October 2017, nearly two months after Ms. Burgo stopped lactating.

31. As a result of Defendant's actions, Ms. Burgo has experienced emotional distress, suffering, humiliation, and embarrassment. Ms. Burgo has experienced frequent, severe, debilitating anxiety attacks due to Defendant's actions. At times, Ms. Burgo's anxiety attacks have lasted up to several hours.

32. Defendant's actions forced Ms. Burgo to stop breastfeeding, causing damage to her relationship with her daughter.

## COUNT I:
## VIOLATION OF FAIR LABOR STANDARDS ACT
## (29 U.S.C. § 207(r)(1))

33. Plaintiff realleges and incorporates by reference her above allegations.

34. At all times relevant to this action, Defendant was Ms. Burgo's employer as defined in the FLSA. 29 U.S.C. § 203(d).

35. At all times relevant to this action, Ms. Burgo was Defendant's employee entitled to the rights, protections, and benefits under the FLSA. 29 U.S.C. § 203(e).

36. Under the FLSA, Ms. Burgo was entitled to reasonable break time to express breast milk. 29 U.S.C. § 207(r)(1)(A).

37. Under the FLSA, Ms. Burgo was entitled to "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." 29 U.S.C. § 207(r)(1)(B).

38. Defendant failed to meet its obligations under the nursing mother provisions of Section 7 of the FLSA to provide a private place for Ms. Burgo to express breast milk.

39. Defendant's room was not free from "intrusion from coworkers and the public."

40. Defendant's conduct resulted in the surveillance and videotaping of Ms. Burgo while she expressed breast milk.

41. As a direct and proximate result of Defendant's wrongful acts and omissions, Ms. Burgo was harmed, and continues to be harmed, in that she has suffered economic loss, damage to her professional reputation, emotional distress, and damage to her health.

## COUNT II:
## SEXUAL HARASSMENT
### (Title VII of the Civil Rights Act of 1964, as amended)

42. Plaintiff realleges and incorporates by reference her above allegations.

43. At all times relevant to this action, Ms. Burgo was Defendant's employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

44. Plaintiff was subjected to a sexually hostile work environment due to Defendant's actions in causing her to express breast milk in locations that were not private and secure and subjecting her to surveillance and videotaping while her breasts were exposed.

45. As a direct and proximate result of Defendant's wrongful acts and omissions, Ms. Burgo was harmed, and continues to be harmed, in that she has

suffered economic loss, damage to her professional reputation, emotional distress, and damage to her health.

## COUNT III:
## SEXUAL HARASSMENT
### (Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.*)

46. Plaintiff realleges and incorporates by reference her above allegations.

47. At all times relevant to this action, Ms. Burgo was Defendant's employee within the meaning of the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.*

48. Plaintiff was subjected to a sexually hostile work environment due to Defendant's actions in causing her to express breast milk in locations that were not private and secure and subjecting her to surveillance and videotaping while her breasts were exposed.

49. As a direct and proximate result of Defendant's wrongful acts and omissions, Ms. Burgo was harmed, and continues to be harmed, in that she has suffered economic loss, damage to her professional reputation, emotional distress, and damage to her health.

## COUNT IV:
## INVASION OF PRIVACY

50. Plaintiff realleges and incorporates by reference her above allegations.

51. Defendant's actions against Ms. Burgo constitute the common law tort of invasion of privacy in the form of intrusion upon seclusion.

52. When Ms. Burgo expressed breast milk, her breasts were fully exposed.

53. Ms. Burgo had a right to privacy while she expressed breast milk.

54. Defendant's room was not free from intrusion from coworkers and the public.

55. Defendant's conduct resulted in the surveillance and videotaping of Ms. Burgo while she engaged in private functions under a reasonable expectation of privacy.

56. Defendant's unauthorized intrusion was subjectively and objectively offensive to a reasonable person.

57. In failing to provide a secure, private room in which Ms. Burgo could express breast milk, Defendant intentionally disregarded Ms. Burgo's privacy with bad faith for the purposes of embarrassing, humiliating, and maligning Ms. Burgo's professional and personal reputation.

58. Defendant had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.

59. As a direct and proximate result of Defendant's wrongful acts and omissions, Ms. Burgo was harmed, and continues to be harmed, in that she has suffered economic loss, damage to her professional reputation, emotional distress, and damage to her health.

## COUNT V:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff realleges and incorporates by reference her above allegations.

61. Defendant's conduct was extreme and outrageous towards Ms. Burgo.

62. Defendant intentionally or recklessly placed Ms. Burgo in a non-private room with camera surveillance in violation of its legal duties and from which a reasonable person would anticipate causing severe emotional distress.

63. Defendant engaged in conduct with reckless disregard for the severe emotional distress inflicted on Ms. Burgo and her family.

64. Defendant failed and refused to take actions to mitigate Ms. Burgo's emotional and physical harm caused by its wrongful conduct.

65. Defendant's actions would be reasonably anticipated to cause extreme emotional distress.

66. Defendant had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.

67. As a direct and proximate result of Defendant's wrongful acts and omissions, Ms. Burgo was harmed, and continues to be harmed, in that she has suffered economic loss, damage to her professional reputation, emotional distress, and damage to her health.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Brittany Burgo prays this Honorable Court enter Judgment against Defendant, in whatever amount is fair, just, and equitable for the injuries and damages so wrongfully sustained by Ms. Burgo, including but not limited to actual damages for humiliation, emotional distress, punitive damages, exemplary damages, injunctive relief, costs, attorneys' fees, and all other relief in law or equity that this Court may deem just and proper.

        Respectfully submitted,
        BLANCHARD & WALKER, PLLC

        /s/ Angela L. Walker (P67625)
        Angela L. Walker (P67625)
        Frances J. Hollander (P82180)
        Attorneys for Plaintiff
        221 North Main Street, Suite 300
        Ann Arbor, MI 48104
        (734) 929-4313
        walker@bwlawonline.com
        hollander@bwlawonline.com

Dated:  June 3, 2019

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Brittany Burgo, by and through her attorneys, Blanchard & Walker, PLLC, and hereby demands a jury trial in the above-captioned matter.

                                Respectfully submitted,
                                BLANCHARD & WALKER, PLLC

                                /s/ Angela L. Walker (P67625)
                                Angela L. Walker (P67625)
                                Frances J. Hollander (P82180)
                                Attorneys for Plaintiff
                                221 North Main Street, Suite 300
                                Ann Arbor, MI 48104
                                (734) 929-4313
                                walker@bwlawonline.com
                                hollander@bwlawonline.com

Dated:  June 3, 2019