UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY BURGO

    Plaintiff,

vs.

AIRPORT TERMINAL SERVICES, INC.

    Defendant.

Case No. 19-cv-11627
Hon. Judith E. Levy
Magistrate Judge Stephanie Dawkins Davis

| ANGELA WALKER (P67625) | MARTIN C. BROOK (P55946) |
|---|---|
| FRANCES J. HOLLANDER (P82180) | Ogletree, Deakins, Nash, Smoak |
| Blanchard & Walker, PLLC | & Stewart, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 221 N. Main Street, Suite 300 | 34977 Woodward Avenue, Suite 300 |
| Ann Arbor, MI 48104 | Birmingham, MI 48009 |
| (734) 929-4313 | (248) 593-6400 |
| walker@bwlawonline.com | martin.brook@ogletree.com |
| hollander@ bwlawonline.com | |

**DEFENDANT AIRPORT TERMINAL
SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Airport Terminal Services, Inc., by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, hereby answers the allegations set forth in Plaintiff's Original Complaint and Jury Demand, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    In answer to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is an adult. In further response, Defendant neither admits nor denies

that Plaintiff is a resident of Wayne County for the reason that it possess insufficient information to admit or deny.

2. In answer to Paragraph 2 of Plaintiff's Complaint, Defendant admits.

3. In answer to Paragraph 3 of Plaintiff's Complaint, Defendant admits.

4. In answer to Paragraph 4 of Plaintiff's Complaint, Defendant admits.

5. In answer to Paragraph 5 of Plaintiff's Complaint, Defendant neither admits nor denies that date Plaintiff received the EEOC Notice of Rights for the reason that it possess insufficient information to admit or deny.

## **GENERAL ALLEGATIONS**

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant incorporates Paragraph 1 through 5 as if fully set forth and restated herein.

7. In answer to Paragraph 7 of Plaintiff's Complaint, Defendant admits.

8. In answer to Paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff took leave for birth of a child in the fall of 2016. In further response, Defendant neither admits nor denies when Plaintiff gave birth for the reason that it possess insufficient information to admit or deny.

9. In answer to Paragraph 9 of Plaintiff's Complaint, Defendant admits that Plaintiff returned to work in late 2016 after leave for birth of a child.

10. In answer to Paragraph 10 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

11. In answer to Paragraph 11 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

12. In answer to Paragraph 12 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

13. In answer to Paragraph 13 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

14. In answer to Paragraph 14 of Plaintiff's Complaint, Defendant admits that it learned that Plaintiff used the ramp supervisor's office to express milk. In further response, Defendant neither admits nor denies that Plaintiff used the ramp supervisor's office as frequently or for as long as she alleges for the reason that it possess insufficient information to admit or deny.

15. In answer to Paragraph 15 of Plaintiff's Complaint, Defendant admits that multiple members of management eventually became aware, but denies that any member of management was aware at all relevant times.

16. In answer to Paragraph 16 of Plaintiff's Complaint, Defendant neither admits nor denies that Plaintiff fully exposed her breasts when expressing milk while at the workplace for the reason that it possess insufficient information to admit or deny.

17. In answer to Paragraph 17 of Plaintiff's Complaint, Defendant neither admits nor denies the date that Plaintiff discovered a video camera in the ramp

supervisor's office for the reason that it possess insufficient information to admit or deny. In further response, only inoperative video cameras were in the ramp supervisor's office during the timeframe Plaintiff alleges she expressed milk in that office.

18. In answer to Paragraph 18 of Plaintiff's Complaint, Defendant admits. In further response, no notice was required that inoperative video cameras were in the office because they were in plain sight at all times.

19. In answer to Paragraph 19 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

20. In answer to Paragraph 20 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

21. In answer to Paragraph 21 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

22. In answer to Paragraph 22 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

23. In answer to Paragraph 23 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

24. In answer to Paragraph 24 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

25. In answer to Paragraph 25 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

26. In answer to Paragraph 26 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that it possess insufficient information to admit or deny.

27. In answer to Paragraph 27 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that it possess insufficient information to admit or deny.

28. In answer to Paragraph 28 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that it possess insufficient information to admit or deny.

29. In answer to Paragraph 29 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that it possess insufficient information to admit or deny.

30. In answer to Paragraph 30 of Plaintiff's Complaint, Defendant timely offered Plaintiff a place to express breast milk. As to all remaining allegations in Paragraph 30, Defendant neither admits nor denies for the reason that it possess insufficient information to admit or deny.

31. In answer to Paragraph 31 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

32. In answer to Paragraph 32 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

## COUNT I: VIOLATION OF FAIR LABOR STANDARDS ACT
### (29 U.S. C. § 207(r)(1))

33. In response to Paragraph 33 of Plaintiff's Complaint, Defendant incorporates Paragraph 1 through 32 as if fully set forth and restated herein.

34. In answer to Paragraph 34 of Plaintiff's Complaint, Defendant admit.

35. In answer to Paragraph 35 of Plaintiff's Complaint, Defendant neither admits nor denies because the allegation is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiff satisfies every definition contained in 29 U.S.C. 203(e).

36. In answer to Paragraph 36 of Plaintiff's Complaint, Defendant neither admits nor denies because the allegation is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies Plaintiff's allegation because it does not state all the terms and conditions to the alleged right.

37. In answer to Paragraph 37 of Plaintiff's Complaint, Defendant neither admits nor denies because the allegation is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies Plaintiff's allegation because it does not state all the terms and conditions to the alleged right.

38. In answer to Paragraph 38 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

39. In answer to Paragraph 39 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

40. In answer to Paragraph 40 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

41. In answer to Paragraph 41 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

WHEREFORE, Defendant, Airport Terminal Services, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and Jury Demand in its entirety and award Defendant any such relief as the Court deems just and equitable.

## COUNT II:
## SEXUAL HARASSMENT
### (Title VII of the Civil Rights Act of 1964, as amended)

42. In response to Paragraph 42 of Plaintiff's Complaint, Defendant incorporates Paragraph 1 through 41 as if fully set forth and restated herein.

43. In answer to Paragraph 43 of Plaintiff's Complaint, Defendant admits.

44. In answer to Paragraph 44 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

45. In answer to Paragraph 45 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

WHEREFORE, Defendant, Airport Terminal Services, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and Jury Demand in its entirety and award Defendant any such relief as the Court deems just and equitable.

## COUNT III:
## SEXUAL HARASSMENT
### (Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.*)

46. In response to Paragraph 46 of Plaintiff's Complaint, Defendant incorporates Paragraph 1 through 45 as if fully set forth and restated herein.

47. In answer to Paragraph 47 of Plaintiff's Complaint, Defendant admit.

48. In answer to Paragraph 48 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

49. In answer to Paragraph 49 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

WHEREFORE, Defendant, Airport Terminal Services, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and Jury Demand in its entirety and award Defendant any such relief as the Court deems just and equitable.

## COUNT IV:
## INVASION OF PRIVACY

50. In response to Paragraph 50 of Plaintiff's Complaint, Defendant incorporates Paragraph 1 through 49 as if fully set forth and restated herein.

51. In answer to Paragraph 51 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

52. In answer to Paragraph 52 of Plaintiff's Complaint, Defendant neither admits nor denies that Plaintiff fully exposed her breasts when expressing milk while at the workplace for the reason that it possess insufficient information to admit or deny.

53. In answer to Paragraph 53 of Plaintiff's Complaint, Defendant admits only that a right to privacy may exist in this context under certain circumstances.

54. In answer to Paragraph 54 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

55. In answer to Paragraph 55 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

56. In answer to Paragraph 56 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

57. In answer to Paragraph 57 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

58. In answer to Paragraph 58 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

59. In answer to Paragraph 59 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

WHEREFORE, Defendant, Airport Terminal Services, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and Jury Demand in its entirety and award Defendant any such relief as the Court deems just and equitable.

## COUNT V:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. In response to Paragraph 60 of Plaintiff's Complaint, Defendant incorporates Paragraph 1 through 59 as if fully set forth and restated herein.

61. In answer to Paragraph 61 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

62. In answer to Paragraph 62 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

63. In answer to Paragraph 63 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

64. In answer to Paragraph 64 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

65. In answer to Paragraph 65 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

66. In answer to Paragraph 66 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

67. In answer to Paragraph 67 of Plaintiff's Complaint, Defendant denies for the reason that the allegations are untrue.

WHEREFORE, Defendant, Airport Terminal Services, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and Jury Demand in its entirety and award Defendant any such relief as the Court deems just and equitable.

## RELIANCE ON JURY DEMAND

Defendant, Airport Terminal Services, Inc., relies upon the demand for trial by jury filed by Plaintiff in this action.

Respectfully submitted,

 s/Martin C. Brook
MARTIN C. BROOK (P55946)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
martin.brook@ogletree.com

Dated:  August 9, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY BURGO

    Plaintiff,

vs.

AIRPORT TERMINAL SERVICES, INC.

    Defendant.

Case No. 19-cv-11627
Hon. Judith E. Levy
Magistrate Judge Stephanie Dawkins Davis

| | |
|---|---|
| ANGELA WALKER (P67625) | MARTIN C. BROOK (P55946) |
| FRANCES J. HOLLANDER (P82180) | Ogletree, Deakins, Nash, Smoak |
| Blanchard & Walker, PLLC | & Stewart, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 221 N. Main Street, Suite 300 | 34977 Woodward Avenue, Suite 300 |
| Ann Arbor, MI  48104 | Birmingham, MI 48009 |
| (734) 929-4313 | (248) 593-6400 |
| walker@bwlawonline.com | martin.brook@ogletree.com |
| hollander@ bwlawonline.com | |

## **DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

    Defendant, Airport Terminal Services, Inc., ("Defendant") by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, states the following for its Affirmative Defenses to Plaintiff's Complaint:

    1.    Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted as a matter of fact and/or law. Defendant does not waive, and expressly reserves, the right to move for dismissal of Plaintiff's

claim(s) for failure to state a claim.

2. Plaintiff's claims, in whole or in part, are barred by the applicable statute(s) of limitation, contractual limitations, and/or jurisdictional prerequisites.

3. Plaintiff has suffered no damages and/or has failed to mitigate her damages, her entitlement to which is expressly denied.

4. Defendant acted at all times within the bounds of good faith and for legitimate, non-discriminatory, and non-retaliatory reasons. Defendant did not act willfully, egregiously, or maliciously.

5. Plaintiff failed to exhaust her internal and external remedies prior to filing her lawsuit.

6. Defendant had no actual or constructive notice of the alleged harassment upon which Plaintiff now bases her claims and was, thereby, deprived of the opportunity to investigate and/or to take prompt, remedial, and appropriate action.

7. Defendant took prompt and appropriate remedial measures in response to the complaint(s) from Plaintiff of which it had adequate notice.

8. Defendant had in place a policy prohibiting sexual harassment which contained a complaint procedure. Plaintiff unreasonably failed to properly utilize said procedure.

9. Plaintiff's Complaint sets forth claims that are frivolous, unreasonable, or without foundation, thus entitling Defendant to recover its attorneys' fees associated with defendant against such claims.

10. Plaintiff's LSA claim under 29 U.S.C. 207(r) fails because there is no applicable private right of action thereunder.

11. Plaintiff's claim for Intentional Infliction of Emotional Distress fails because she cannot show that any of allegedly offending Defendant's actions were intentional, extreme or outrageous nor intended to harm.

12. Plaintiff's claim for Invasion of Privacy fails because she cannot show that her seclusion was actually intruded upon at any time by Defendant and, to the extent anyone attempted to intrude upon her seclusion (which Defendant expressly denies), unsuccessful attempts to intrude are not actionable.

13. Defendant reserves the right to amend these affirmative defenses, and/or add additional affirmative defenses which may be disclosed or discovered through further assertions by Plaintiff or otherwise through the course of discovery.

WHEREFORE, Defendant, Airport Terminal Services, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and Jury Demand

in its entirety and award Defendant any such other relief as the Court deems just and equitable.

                                Respectfully submitted,

                                s/Martin C. Brook
                                MARTIN C. BROOK (P55946)
                                Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
                                Attorneys for Defendant
                                34977 Woodward Avenue, Suite 300
                                Birmingham, MI 48009
                                (248) 593-6400
Dated:  August 9, 2019           martin.brook@ogletree.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                                s/ Martin C. Brook
                                MARTIN C. BROOK (P55946)
                                Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
                                Attorneys for Defendant
                                34977 Woodward Avenue, Suite 300
                                Birmingham, MI 48009
                                (248) 593-6400
                                martin.brook@ogletree.com

39523353.1