## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRITTANY BURGO,                          Case No. 2:19-cv-11627

               Plaintiff,              Hon. Judith E. Levy

v.                                       Mag. Judge Stephanie Dawkins Davis

AIRPORT TERMINAL SERVICES,
INC.,

               Defendant

_____

### JOINT DISCOVERY PLAN

On September 11, 2019, the Parties held a telephone conference to discuss their planning for discovery. Frances J. Hollander participated on behalf of Plaintiff and Martin C. Brook participated on behalf of Defendant.

Pursuant to Rule 26(f)(3), the Parties jointly propose the following discovery and case management plan:

**Rule 26(f)(3)(A): "what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made."**

### Proposed Dates

| | |
|---|---|
| Amendments to Pleadings Filed By: | October 1, 2019 |
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) Exchanged By: | October 17, 2019 |

| | |
|---|---|
| Lay Witness List Filed By: | November 1, 2019 |
| Plaintiff's Expert Witness List and Subject Matter Disclosure | 30 days after ruling on summary judgment (or after the close of factual discovery if no motion is pending) with rebuttal disclosures due according to the applicable Federal Rules of Civil Procedure |
| Defendant's Expert Witness List and Subject Matter Disclosure | 30 days after Plaintiff's Expert Witness List and Subject Matter Disclosure |
| Expert Reports Exchanged By: | 30 days after each Party's respective Expert Witness List and Subject Matter Disclosures |
| Fact Discovery Completed By: | April 1, 2020 |
| Settlement Conference | To be set by Court |
| Dispositive Motions Filed By: | May 5, 2020 |
| Motions in Limine (including motions to limit/exclude expert testimony) Filed By: | 30 days before Trial Date to be set by the Court |
| Final Settlement Conference | To be set by the Court |
| Joint Final Pretrial Order | To be set by the Court |
| Final Pretrial Conference | To be set by the Court |
| Trial | To be set by the Court |

**Rule 26(f)(3)(B): "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues."**

The subjects on which discovery may be needed include the allegations set forth in Plaintiff's complaint and the affirmative defenses set forth in Defendants' answer. To avoid unnecessary costs, the Parties agree to defer depositions of experts (if any) and defer the production of expert reports and responding to expert discovery requests until after the Court's decision on any motions for summary judgment. The Parties agree, however, to disclose the identity and the subject area of any expert witnesses in accordance with the schedule proposed below.

**Rule 26(f)(3)(C): "any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced."**

The Parties agree that electronically stored discovery shall be governed by Fed. R. Civ. P. 26(b)(2). Any electronically stored information will be produced in PDF format.

**Rule 26(f)(3)(D): "any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order."**

The Parties do not anticipate any issues at this time, but agree to return any inadvertently produced documents protected by the attorney-client privilege or attorney work product doctrine within seven (7) days after discovering that the

opposing party produced protected material or within seven (7) days after receiving a written request for the return of protected material.

**Rule 26(f)(3)(E): "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed."**

The Parties do not believe that any changes should be made to the limitations imposed on discovery by the Federal Rules of Civil Procedure or the Eastern District of Michigan.

**Rule 26(f)(3)(F): "any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)."**

The Parties will submit a stipulated protective order to be entered by the Court that will address any privacy and confidentiality issues. The proposed protective order will comply with Local Rule 5.3.

The Parties request that the Court not refer the case to the Wayne County Mediation Tribunal. The Parties are open to mediating with a mutually agreeable mediator. The Parties will continue to discuss mediation as this case progresses.

Respectfully submitted,

/s/ Frances J. Hollander          /s/ with consent of Martin C. Brook
Angela L. Walker (P67625)      Martin C. Brook (P55946)
Frances J. Hollander (P82180)   OGLETREE, DEAKINS, NASH,
BLANCHARD & WALKER, PLLC   SMOAK & STEWART, PLLC
*Attorneys for Plaintiff*          *Attorneys for Defendant*
221 N. Main Street, Suite 300    34977 Woodward Avenue
Ann Arbor, MI 48104         Suite 300
(734) 929-4313             Birmingham, MI 48009
walker@bwlawonline.com      (248) 593-6400
hollander@bwlawonline.com    martin.brook@ogletree.com

Dated:   September 13, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2019, my paralegal, Natalie M. Walter, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frances J. Hollander
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
*Attorneys for Plaintiff*
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
hollander@bwlawonline.com