# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRITTANY BURGO,                       Case No. 2:19-cv-11627

         Plaintiff,                    Hon. Judith E. Levy

v.                                   Mag. Judge Stephanie Dawkins Davis

AIRPORT TERMINAL SERVICES, INC.,

         Defendant
_____

## PLAINTIFF'S PRELIMINARY LAY WITNESS LIST

Now Comes Plaintiff, Brittany Burgo, by and through her attorneys, Blanchard & Walker, PLLC, to identify lay witnesses that may be called to testify at trial for the above-captioned matter. This preliminary lay witness list is based on information reasonably available to Plaintiff at this time. Plaintiff expressly reserves the right to change, modify, supplement or clarify her preliminary lay witness list herein at any time before trial and in accordance with the Court's orders. Plaintiff's Preliminary Lay Witness List represents a good faith effort to identify potential witnesses that may be called at trial to support her claims without being served with written discovery responses or relevant documents from Defendant.

Plaintiff identifies the following individuals who may be called to testify at trial:

| Potential Lay Witnesses | Knowledge |
|---|---|
| Named Plaintiff Brittany Burgo c/o Counsel of Record | Information relevant to her own claims, including her job duties, performance evaluations, and wages and benefits paid during her tenure with Defendant. Ms. Burgo will also testify about all interactions and written documents related to her requests for a private, secure room to express milk for her daughter at her workplace with Defendant. She will also testify about her discovery of the video camera in the room in which she was told to express milk for her daughter and subsequent communications with Defendant and its management staff. In addition, Ms. Burgo may testify about her damages as a result of Defendant's unlawful actions. |
| Elizabeth O'Harris ATS Human Resources Generalist | Information relevant to Plaintiff's employment, her own job duties at ATS, the meetings she attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all communications, documents, and conversations related to Plaintiff and/or other |

2

| **Potential Lay Witnesses** | **Knowledge** |
|---|---|
| | supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| Kyle Blankenship<br>ATS General Manager | Information relevant to Plaintiff's employment, his own job duties at ATS, the meetings he attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| Jeff Luetkenhaus<br>ATS Manager, Employee Relations | Information relevant to his preparation and confirmation of the Response Position Statement that Defendant ATS submitted to the U.S. EEOC related to its investigation of Plaintiff's charges of discrimination. In addition, he may testify about information relevant to Plaintiff's employment, his own job duties at ATS, the meetings he attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; |

3

| Potential Lay Witnesses | Knowledge |
|---|---|
| | (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| Melody Moten<br>ATS Supervisor | Information relevant to Plaintiff's employment, her own job duties at ATS, the meetings she attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |

| **Potential Lay Witnesses** | **Knowledge** |
|---|---|
| Deborah Lis<br>ATS Customer Service Supervisor | Information relevant to Plaintiff's employment, her own job duties at ATS, the meetings she attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| Randall Patterson<br>ATS Customer Service Supervisor | Information relevant to Plaintiff's employment, his own job duties at ATS, the meetings he attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all |

| **Potential Lay Witnesses** | **Knowledge** |
|---|---|
| | communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| LaToya Washington<br>ATS Manager | Information relevant to Plaintiff's employment, her own job duties at ATS, the meetings she attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to use to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office Plaintiff was told she could use to express her breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she was expressing breast milk for her daughter. The potential witness may also testify about all communications, documents and conversations related to Plaintiff and/or other supervisors/employees the above topics and anything else related to Plaintiff's claims against Defendant. |
| Aaron Williams<br>ATS Employee | Information relevant to Plaintiff's employment, his own job duties at ATS, the meetings he attended and/or were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office |

6

| **Potential Lay Witnesses** | **Knowledge** |
|---|---|
| | that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| Ed Jones<br>ATS Employee | Information relevant to Plaintiff's employment, his own job duties at ATS, the meetings he attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| Marvin Rose<br>ATS Employee | Information relevant to Plaintiff's employment, his own job duties at ATS, the meetings he attended and/or that were held by Defendant regarding: (a) providing secure |

7

| Potential Lay Witnesses | Knowledge |
|---|---|
| | rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| Ashleigh Jackson<br>ATS Employee | Information relevant to Plaintiff's employment, her own job duties at ATS, the meetings she attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to use to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office Plaintiff was told she could use to express her breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she was expressing breast milk for her daughter. The potential witness may also testify about all communications, documents and conversations related to Plaintiff and/or other supervisors/employees the above topics and |

| **Potential Lay Witnesses** | **Knowledge** |
|---|---|
| | anything else related to Plaintiff's claims against Defendant. |
| Maria Castle<br>Former ATS Employee | Information relevant to Plaintiff's employment, her own job duties at ATS, the meetings she attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to use to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office Plaintiff was told she could use to express her breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she was expressing breast milk for her daughter. The potential witness may also testify about all communications, documents and conversations related to Plaintiff and/or other supervisors/employees the above topics and anything else related to Plaintiff's claims against Defendant. |
| Deborah Gokhan<br>ATS Supervisor | Information relevant to Plaintiff's employment, her own job duties at ATS, the meetings she attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to use to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office Plaintiff was told she could express her breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any |

| **Potential Lay Witnesses** | **Knowledge** |
|---|---|
| | footage of Plaintiff while she was expressing breast milk for her daughter. The potential witness may also testify about all communications, documents and conversations related to Plaintiff and/or other supervisors/employees the above topics and anything else related to Plaintiff's claims against Defendant. |
| Taylor Fuhrman<br>Former ATS Employee | Information relevant to Plaintiff's employment, her own job duties at ATS, the meetings she attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to use to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office Plaintiff was told she could use to express her breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she was expressing breast milk for her daughter. The potential witness may also testify about all communications, documents and conversations related to Plaintiff and/or other supervisors/employees the above topics and anything else related to Plaintiff's claims against Defendant. |
| Doug Provost<br>ATS Supervisor | Information relevant to Plaintiff's employment, his own job duties at ATS, the meetings he attended and/or that were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's |

| **Potential Lay Witnesses** | **Knowledge** |
|---|---|
| | use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| All individuals with access to Ramp Supervisor's Office at Detroit Metropolitan Airport where Plaintiff expressed breast milk from December 2016 to October 2017. | Information relevant to Plaintiff's employment, his/her own job duties at ATS, the meetings he/she attended and/or were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness(es) may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| | |

| **Potential Lay Witnesses** | **Knowledge** |
|---|---|
| All individuals with access to the training room where Plaintiff expressed breast milk in August 2017. | Information relevant to Plaintiff's employment, his/her own job duties at ATS, the meetings he/she attended and/or were held by Defendant regarding: (a) providing secure rooms for employees who were lactating to express breast milk while working at the Detroit Metropolitan Airport; (b) Plaintiff's use of the Ramp Supervisor's Office to express breast milk; (c) the discovery of a video camera in the Ramp Supervisor's Office that Plaintiff was told she could use to express breast milk while at work; and (d) the investigation into whether anyone accessed or viewed any footage of Plaintiff while she expressed breast milk for her daughter. The potential witness(es) may also testify about all communications, documents, and conversations related to Plaintiff and/or other supervisors or employees regarding the above topics and anything else related to Plaintiff's claims against Defendant. |
| All ATS management, ATS employees, and all other individuals that had the ability to access video cameras remotely in the Detroit Metropolitan Airport from December 1, 2016 to August 31, 2017. | Information related to the individual's ability and knowledge that video camera footage from the Ramp Supervisor's Office at Detroit Metropolitan Airport can be viewed remotely or on-site; whether the individual has ever viewed video footage on-site or remotely; and whether the individual viewed any video footage of Plaintiff while she was expressing breast milk for her daughter. In addition, the individual may testify about any meetings or investigation related to Plaintiff and/or Plaintiff's claims against Defendant ATS. |
| Records Custodian<br>Airport Terminal Services, Inc.<br>c/o Counsel of Record | To authenticate any documents (and potential trial exhibits) produced by Defendant in |

| **Potential Lay Witnesses** | **Knowledge** |
|---|---|
|  | response to subpoenas and discovery responses made in this lawsuit. |
| Records Custodian<br>Detroit Metropolitan Airport<br>c/o Counsel of Record | To authenticate any documents (and potential trial exhibits) produced by Defendant in response to subpoenas and discovery responses made in this lawsuit. |
| Records Custodian<br>Internal Revenue Service | To authenticate any documents (and potential trial exhibits) produced by Internal Revenue Service in response to subpoenas, freedom of information act requests and discovery responses made in this lawsuit. |
| Records Custodian<br>Michigan Department of Treasury<br>Lansing, MI | To authenticate any documents (and potential trial exhibits) produced by State of Michigan Department of Treasury in response to subpoenas, freedom of information act requests and discovery responses made in this lawsuit. |
| Records Custodian<br>U.S. EEOC | To authenticate any documents (and potential trial exhibits) produced by U.S. EEOC in response to subpoenas, freedom of information act requests and discovery responses made in this lawsuit. |
| Records Custodian<br>Plaintiff's Tax Preparer(s) | To authenticate any documents (and potential trial exhibits) produced by Plaintiff's Tax Preparer in response to subpoenas, freedom of information act requests and discovery responses made in this lawsuit. |
| Records Custodian<br>Social Security Administration | To authenticate any documents (and potential trial exhibits) produced by Social Security Administration in response to subpoenas, freedom of information act requests and discovery responses made in this lawsuit. |

Plaintiff additionally identifies the following categories of lay witnesses that may be called to testify at trial:

1. Any and all officers, managers, supervisors and other employees that have information relevant to Defendant's human resources, payroll, benefits, and operational policies, procedures, and practices concerning all allegations raised in the Complaint.

2. Any lay witnesses that would be able to testify about the damages of Plaintiff, as they are disclosed through discovery.

3. Any witnesses identified on Defendant's Witness List or Defendant's Initial Disclosures.

4. Any rebuttal or impeachment witnesses, as necessary.

5. Any foundational witnesses, as necessary.

6. All employees, agents or representatives of Defendant that have knowledge of the subject matter of this lawsuit.

7. All individuals who have been referred to in the pleadings of this lawsuit, but have not been specifically identified at this point.

8. All persons or entities referred to or identified in discovery via depositions, interrogatories, answers to interrogatories, requests, and responses to requests for documents and subpoenas.

Plaintiff reserves the right to amend her preliminary lay witness list, as necessary, pursuant to further discovery.

                                                    Respectfully submitted,
                                                    BLANCHARD & WALKER, PLLC


                                                    <u>/s/ Frances J. Hollander</u>
                                                    Angela L. Walker (P67625)
                                                    Frances J. Hollander (P82180)
                                                    Attorneys for Plaintiff
                                                    221 N. Main Street, Suite 300
                                                    Ann Arbor, MI 48104
                                                    (734) 929-4313
                                                    walker@bwlawonline.com
Dated:  November 8, 2019             hollander@bwlawonline.com

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2019, my paralegal, Natalie M. Walter, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frances J. Hollander
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
*Attorneys for Plaintiff*
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
hollander@bwlawonline.com